IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------X
VIIV HEALTHCARE COMPANY,                    :
SHIONOGI & CO., LTD., and                   :
VIIV HEALTHCARE UK (NO. 3) LIMITED,         :
                                            :
                Plaintiffs,                 :
       v.                                   :   Civil Action No. 21-cv-1561-MSG
                                            :
LUPIN LIMITED                               :
and LUPIN PHARMACEUTICALS, INC.,            :
                                            :
                Defendants.                 :
-------------------------------------------------------------X
```

## CONSENT JUDGMENT AND DISMISSAL

Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited (hereinafter collectively, "ViiV"), and Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (hereinafter collectively, "Lupin"), the parties in the above-captioned action, have resolved this action. Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment and an injunction and dismissal in this action as follows:

IT IS this 10th day of March, 2023:

ORDERED, ADJUDGED AND DECREED as follows:

1. No party contests subject matter or personal jurisdiction.

2. As used in this Consent Judgment, (i) the term "Lupin Product" shall mean a drug product sold, offered for sale or distributed pursuant to Abbreviated New Drug Application No. 216470 and (ii) the term "Affiliate" shall mean, with respect to a Party, any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such Party. For purposes of this definition,

"control" means (a) ownership, directly or through one or more intermediaries, of (i) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (ii) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the board of directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

3. Except as specifically authorized, Lupin, including any of its Affiliates, successors and assigns, is enjoined from infringing United States Patent Number 9,242,986 ("the '986 patent"), on its own part or through any Affiliate, by making, having made, using, selling, offering to sell, importing or distributing of the Lupin Product.

4. Compliance with this Consent Judgment may be enforced by ViiV and its successors in interest, or assigns, as permitted by the parties.

5. This District Court retains jurisdiction to enforce or supervise performance under this Consent Judgment.

6. All claims and demands in this action are hereby dismissed with prejudice and without costs, disbursements or attorneys' fees to any party.

7. Nothing herein prohibits or is intended to prohibit Lupin or any of its Affiliates from maintaining any "Paragraph IV Certification" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (as amended or replaced) or 21 U.S.C. § 314.94(a)(12) (as amended or replaced) with respect to the '986 patent or any other patent.

8. Nothing herein shall have preclusive or other res judicata effect on Lupin in any other pending or future action or proceeding involving a product other than the Lupin

Product, and nothing prohibits or is intended to prohibit Lupin from challenging the validity, enforceability or infringement of the '986 patent or any other patent in any other action or proceeding involving a product other than the Lupin Product.

9. As a result of the dismissal of this suit, the 30-month stay under 21 U.S.C. § 355(j)(5) (as amended or replaced) is terminated and no longer in effect.

                                           */s/ Mitchell S. Goldberg*
                                           Mitchell S. Goldberg, U.S.D.J.

We hereby consent to the form and entry of this Order:

| McCARTER & ENGLISH, LLP | PHILLIPS, McLAUGHLIN & HALL, P.A. |
|---|---|
| */s/ Alexandra M. Joyce* <br> Daniel M. Silver (#4758) <br> Alexandra M. Joyce (#6423) <br> Renaissance Centre <br> 405 N. King Street, <br> 8th Floor <br> Wilmington, DE 19801 <br> (302) 984-6300 <br> dsilver@mccarter.com <br> ajoyce@mccarter.com | */s/ David A. Bilson* <br> John C. Phillips, Jr. (#110) <br> David A. Bilson (#4986) <br> 1200 North Broom Street <br> Wilmington, DE 19806 <br> (302) 655-4200 <br> jcp@pmhdelaw.com <br> dab@pmhdelaw.com |
| Of Counsel: <br><br> Lisa B. Pensabene <br> Daniel O'Boyle <br> Caitlin Hogan <br> O'MELVENY & MYERS LLP <br> 7 Times Square <br> New York, NY 10036 <br> (212) 326-2000 | Of Counsel: <br><br> William A. Rakoczy <br> Matthew V. Anderson <br> RAKOCZY MOLINO MAZZOCHI SIWIK LLP <br> 6 West Hubbard Street, Suite 500 <br> Chicago, IL 60654 <br> (312) 222-6301 |
| *Attorneys for Plaintiffs ViiV Healthcare Company, Shionogi & Co., Ltd., and ViiV Healthcare UK (No. 3) Limited* | *Attorneys for Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.* |